Ben M. Davidson (State Bar No. 181464)
DAVIDSON LAW GROUP, A LAW CORPORATION
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 473-2300
Facsimile: (310) 473-2941
Email: *bdavidson@davidson-lawfirm.com*

David Pourati, Esq. (SBN 259245)
LAW OFFICE OF DAVID POURATI, APC
12400 Wilshire Boulevard, Suite 920
Los Angeles, California 90025
Tel: (310) 494-7900
Fax: (310) 494-7901
Email: *David@Pourati.com*

Attorneys for Plaintiff JCR Fabrics, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

JCR Fabrics, LLC, a California limited liability company,

Plaintiff,

vs.

J.B.S., LTD., a New York corporation, FABTRENDS INTERNATIONAL, INC., a Canadian corporation, FABTRENDS USA CORP., a New York corporation, AMAZON.COM, LLC, a Washington corporation, BELK INC., a North Carolina corporation, BURLINGTON STORES, INC., a New Jersey corporation, BOSCOV'S DEPARTMENT STORE, LLC, a Pennsylvania corporation, DRAPERS & DAMONS, LLC, a California corporation, J.C. PENNEY COMPANY, INC., a Texas corporation, KOHLS DEPARTMENT STORES, a Wisconsin corporation, ROSS STORES, a California corporation, STEINMART, INC., a Florida corporation, TARGET CORPORATION, a Minnesota corporation, and DOES 1 through 10,

Defendants.

Case No. 2:17-cv-2675

**PLAINTIFF'S COMPLAINT FOR:**

1. **COPYRIGHT INFRINGEMENT; AND**
2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**
3. **PROVIDING FALSE COPYRIGHT MANAGEMETN INFORMATION**

**JURY TRIAL DEMANDED**

Plaintiff JCR Fabrics, LLC ("Plaintiff" or "JCR"), by and through its undersigned attorneys, hereby prays for relief and remedy based on the following:

**INTRODUCTION**

1. JCR is a Los Angeles-based fabric manufacturer whose founders have roots in Paris. Using knowledge gained through years of experience and hard work in the fashion industry, JCR stays on the forefront of current fashion trends and predicts future trends in women's clothing. As part of its business, JCR, in collaboration with a reputable fashion company in Paris it has long worked with, purchases the exclusive rights to two-dimensional works of art that are likely to appeal to consumers of women's apparel. JCR then develops fabric patterns and designs to which it has exclusive rights and uses them to sell high-quality fabrics to clothing manufacturers that sell garments that can be found at retail in the United States, including at exclusive department stores and high-end boutiques. No other party is authorized to make sales of product in the United States bearing JCR's proprietary designs without express permission from JCR.

2. This action is brought to recover damages and seek injunctive relief for the unauthorized reproduction of JCR's exclusive designs by fast-fashion retail chains and their fabric and garment suppliers, who have collectively copied and taken advantage of JCR's exclusive rights to offer knockoff clothing that closely imitates JCR's copyrighted designs but uses inferior quality fabric, without regard to the effects of this infringement on the rightful copyright owner, JCR.

3. Many retailers, garment manufacturers and fabric suppliers in the United States, including, on information and belief, Defendants in this case, have a business practice that takes advantage of the difficulty that small companies have in determining whether their designs are being infringed in the massive U.S. retail market. This business practice allows fabric suppliers to provide infringing fabrics that meet the current demands of garment manufacturers and their retailer customers so that they can keep up with the latest fashion trends. These fabric suppliers usurp

the opportunities that belong to their often much smaller competitors without having to invest in the time and resources required to obtain rights to such designs in advance. These infringers then reap the rewards of the companies that actually have invested in procuring and bringing to market trend-setting designs without having to support companies that pay artists to create artistic designs in the first place. This business practice also involves garment manufacturers, including, on information and belief, Defendant J.B.S., LTD., a New York corporation ("JBS"), communicating to retailers who are caught selling infringing goods that they do not need to recall or destroy their infringing garments but can continue selling them because they will be indemnified by the garment manufacturers for any damages or attorneys' fees.

4. The infringements in this case are initiated by Defendants Fabtrends International, a Canadian company located in Montreal, and its U.S. subsidiary, Fabtrends USA, which distributes clothing from its Canadian parent through a New York showroom and, on information and belief, through representatives of Fabtrends International across the United States. The website operated by these companies claims: "At Fabtrends we anticipate tomorrow's fabric today." The Fabtrends companies also claim to keep a "step ahead" of fashion styles by "tracking the latest trends, creating our own in house studios in Montreal, New York and Miami and having the most talented and passionate team." In fact, however, on information and belief, Fabtrends International and Fabtrends USA do not anticipate future fabric trends and do not create their own designs. On information and belief, these companies copy fabric designs of other fabric companies, including, on information and belief, by obtaining samples of fabrics distributed at fashion shows.

5. Defendant JBS is a wholesale garment manufacturer based in New York with mass-distributed women's brands including "MSK." JBS, like the Fabtrends companies, touts itself as a company that sells "trendy" women's designs that were manufactured and brought to market first by JBS. JBS has known since at least 2013 that Fabtrends copies competitor's designs, including designs that belong to JCR. But

with reckless disregard or willful blindness to these companies' actual business practice, JBS has bought, and continues to buy, infringing fabrics from Fabtrends International and Fabtrends USA.

6. On information and belief, JBS' knowledge of the improper copying by Fabtrends International and Fabtrends USA comes from at least having been sued in a 2012 lawsuit that JCR was forced to file against JBS, after JBS used Fabtrends International to copy a JCR fabric design. On information and belief, JBS, Fabtrends International and Fabtrends USA also have worked with each other for years and their knowledge of each others' business practices is further enhanced by the fact that at least one of Fabtrends International's United States employees, Allyn Litwin, was hired to work for JBS in 2013, including for the purposes of "[f]ollowing consumer and fashion trends to ascertain consumer preferences in trade literature." On information and belief, JBS collaborated with Fabtrends International and Fabtrends USA on decisions regarding copying of JCR fabric designs that employees of these companies collectively believed would be desirable to the retailer customers of JBS.

## JURISDICTION AND VENUE

7. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

8. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b).

9. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

10. The claims asserted in this case arose in this judicial district and all defendants have done business within the jurisdiction of this court, including, on information and belief, through sales of infringing garments. A substantial part of the injury caused by Defendants' actions took place in this judicial district, including injury caused with knowledge that fabric and garments were being manufactured that

infringed on a California company's copyright rights and, on information and belief, through continuing sales of infringing garments after Defendants received formal notice that they were infringing on copyright rights of a company in this District, but nevertheless continued to do so. Each of the Defendants has minimum contacts with this judicial district through activities as described below in connection with each of the parties.

## PARTIES

### JCR

11. JCR is a limited liability company organized and existing under the laws of the State of California with its principal place of business located in Los Angeles, California.

### JBS

12. JCR is informed and believes and thereon alleges that JBS is a New York corporation with its principal place of business in New York and is doing business within the jurisdiction of this Court. JBS is located at 1400 Broadway, 17th Floor, New York NY 10018.

13. JBS knows, and has known since at least 2012, that JCR is a company based in Los Angeles and that infringement of JCR's copyrights causes damage to JCR in this District, at least because JCR has once before filed a lawsuit against JBS for copyright infringement. On information and belief, the infringement by JBS in this case, in collaboration with at least Defendants Fabtrends International and Fabtrends USA, has been willful in that it has either been done intentionally or with a willful disregard for the rights of JCR, as described further below.

### Fabtrends International

14. JCR is informed and believes and thereon alleges that Defendant Fabtrends International, Inc. is a corporation organized and existing under the laws of Canada with its principal place of business in Montreal and doing business within the

jurisdiction of this Court. Fabtrends has an office at 9350 Avenue de l'Esplanade, Montréal, QC H2N 1V6, Canada.

15. On information and belief, Fabtrends International sells textiles to garment manufacturers, including JBS, for further distribution and sales as garments throughout the United States. Fabtrends International has copied designs belonging to JCR, and, on information and belief, it has done so knowing these designs belong to JCR, a company located in this District. On information and belief, Fabtrends USA supplied designs that used JCR's copyrighted design before copying the designs that are at issue in this lawsuit, which led in 2012 to the filing of a lawsuit. On information and belief, Fabtrends International also has sold fabrics using two different designs that it copied from JCR and that are at issue in this lawsuit.

## Fabtrends USA

16. JCR is informed and believes and thereon alleges that Defendant Fabtrends USA Corp. is a corporation organized and existing under the laws of New York with its principal place of business in New York and doing business within the jurisdiction of this Court. Fabtrends USA has an office located at 1407 Broadway, Suite 2703, New York, New York 10018.

17. On information and belief, Fabtrends USA operates a showroom in New York and has agents that solicit sales of textiles to garment manufacturers throughout the United States, including in California. On information and belief, Fabtrends USA sells textiles to garment manufacturers through its New York showroom and nationwide sales representatives, including to JBS, for further distribution and sales as garments throughout the United States, including in California. Working with its parent company Fabtrends International, Fabtrends USA also has copied designs belonging to JCR, and, on information and belief, it has done so knowing these designs belong to JCR, a company located in this District. On information and belief, Fabtrends has fabrics manufactured in Asia and imports them to the United States through the Port of Los Angeles.

18. On information and belief, Fabtrends USA supplied designs that used JCR's copyrighted design before copying the designs that are at issue in this lawsuit. That previous copying of JCR's design led in 2012 to the filing of a lawsuit in this District. On information and belief, Fabtrends USA also has sold fabrics using two different designs that it copied from JCR and that are at issue in this lawsuit.

The Retailer Defendants

19. Defendants Amazon.com, LLC ("Amazon"), Belk Inc. (" Belk"), Boscov's Department Store, LLC ("Boscov's), Burlington Stores, Inc. ("Burlington"), Drapers & Damons, LLC ("Drapers"), J.C. Penney Company, Inc. ("J.C. Penney"), Kohls Department Stores ("Kohls"), Ross Stores, Stein Mart, Inc. ("Stein Mart"), and Target Inc. ("Target") are retailers with nationwide sales (hereinafter collectively "the Retailer Defendants").

Amazon.com

20. Defendant Amazon is a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, Washington and doing business within the jurisdiction of this Court, including through sales of infringing garments both before and after learning that JCR is a Los Angeles based company and claims copyright rights in these garments, objects to their sales, and is being damaged by Amazon's sales in this District. Amazon's corporate headquarters are located at 410 Terry Ave. N Seattle, WA 98109. Seattle, Washington.

21. On information and belief, Amazon learned about JCR's objection to its sales of fabric using an imitation of a copyrighted design internally designated the Ludiana Design within one month after July 7, 2016, when JCR delivered a letter regarding infringement to JC Penney, which forwarded the letter to JBS by at least July 20, 2016. A true and correct copy of this letter is attached as Exhibit 1. Despite notice of infringement, however, Amazon continued to sell clothing that closely mimics a design owned by JCR.

22. JBS represented in subsequent communications that Amazon and the other Retailer Defendants had stopped selling garments using the Ludiana Design. JCR therefore did not file suit in the belief that it would obtain a reliable and detailed accounting of all past sales, including location and dates of sales, in order to resolve this matter without having to resort to litigation. JCR never obtained a full and reliable accounting. It instead discovered that the infringing sales had not discontinued, as JBS had represented. Amazon, for example, has continued to offer for sale and sell dresses using the infringing fabric through April 2017, *nine months* after JCR had sent its cease and desist letter regarding infringing sales of clothing manufactured by JBS and sold by JC Penney. Amazon also has advertised and continues to advertise its infringing garments through reproductions of the infringing design, both on its own website and at least one third-party website.

23. When JCR objected to JBS's counsel that, despite representations to the contrary, infringement by Amazon was continuing, JBS and Amazon, through counsel for JBS, denied that any such continuing sales had taken place, stating: "Contrary to your claim Amazon reports it is not currently selling the accused garment and has not sold a single garment in 2017." Counsel for JBS also suggested that JBS and Amazon had no way of knowing that infringing sales were continuing and needed evidence from JCR: "Please provide me with evidence that shows that Amazon sold a single infringing garment or was attempting to sell infringing garments as of the date of your letter or that it was at the time offering to sell an accused garment for $44.80."

24. The report from Amazon that it was not selling infringing clothing was false. And, on information and belief, JBS knew that Amazon, like other retailers, continued to sell infringing clothing. Despite the argument made on behalf of JBS and Amazon, at least after they received notice that the Ludiana Design was being infringed, Amazon and JBS have not needed any assistance or evidence from JCR to identify and discontinue sales of their own infringing dresses, or to stop online displays of infringing dresses that they have sold in the past. For example, a search on

Amazon.com for dresses made by MSK ("MSK dress") results in only eight pages of current results (361 dresses). The infringing MSK dress is on the fourth page, as shown circled in the excerpt below from Exhibit 3, a screen shot of MSK dresses currently on sale at Amazon.com.




25. Had it wanted, Amazon could easily and quickly have identified and discontinued sales of remaining infringing MSK clothing on its own Amazon.com website months ago. The infringement by Amazon, including continuing sales and displays of JCR's copyrighted designs on the Amazon.com website and on at least one third-party website, has been willful in that it has either been done intentionally or with a willful disregard for the rights of JCR. By selling these inferior quality dresses,

JBS and Amazon destroy the value of the design to JCR in future sales to its own customers, and they damage JCR's business and reputation. As one Amazon customer stated on July 25, 2016 in a customer review, a true and correct copy of which is attached as Exhibit 2, JCR's design has been used to sell clothing that "D[o]es not feel very high quality, but looks nice."

J.C. Penney

26. JCR is informed and believes and thereon alleges that Defendant J.C. Penney is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Plano, Texas and doing business in California, including, on information and belief, through sales of infringing garments. J.C. Penney's corporate headquarters are located at 6501 Legacy Drive, Plano, Texas 75024.

27. On information and belief, like Amazon, and despite assurances from JBS that were misleading, J.C. Penney continued to sell of inventory of infringing clothing after it was notified of the objection of JCR to such sales, and without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause to a copyright holder in California. In particular, as further described below, and on information and belief, J.C. Penney sold infringing garments online. It was notified by JCR's July 7, 2016 cease and desist letter that JCR objected to sales of these garments. But rather than destroy or return its existing inventory, J.C. Penney sold the remaining infringing clothes at retail stores.

Belk

28. JCR is informed and believes and thereon alleges that Defendant Belk is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Charlotte, North Carolina and, on information and belief, doing business in California, including this District, including, on information and belief, through sales of infringing garments. Belk's corporate headquarters are located at 2801 W. Tyvola Rd Charlotte, North Carolina 28217.

29. On its website at www.belk.com, Belk provides answers to a list of "Frequently Asked Questions." These include answers about Belk's compliance with "California Proposition 65," which Belk states applies to a company that "operates within the state of California (or sells products in California)…." https://www.belk.com/AST/Misc/Belk_Stores/Customer_Service/FAQ.jsp. On information and belief, these sales to California included sales of garments that infringed on the copyright rights of JCR, as described further below.

30. On information and belief, consistent with Amazon and JCP, which also had received shipments of the same or similar garments, and despite misleading assurances from JBS that all infringement had ended, Belk continued to sell off remaining inventory of infringing clothing after it was notified by JBS of the objection of JCR to such sales.

Boscov's

31. JCR is informed and believes and thereon alleges that Defendant Boscov's is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Reading Pennsylvania and, on information and belief, doing business in California and within this District, and, on information and belief, through sales of infringing garments. Boscov's corporate headquarters are located at 4500 Perkiomen Ave. Reading, PA 19606.

32. Because Boscov's sells clothing to customers in California on a large scale, it states on its website that it complies with California Civil Code § 1714.43, California's Transparency in Supply Chains Act. On information and belief, these sales included sales into California of the garments that infringe on JCR's copyrights, as described below.

Burlington

33. JCR is informed and believes and thereon alleges that Defendant Burlington is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Burlington, New Jersey and doing

business within California and this District, including, on information and belief, through sales of infringing garments. Burlington's corporate headquarters are located at 1830 US-130, Burlington, New Jersey 08016.

34. On information and belief, like Amazon and J.C. Penney, and despite assurances from JBS that were misleading, Burlington continued to sell of inventory of infringing clothing after it was notified of the objection of JCR, a California company, to such sales, and without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause to a copyright holder in California.

## Drapers

35. JCR is informed and believes and thereon alleges that Defendant Drapers is a corporation organized and existing under the laws of the State of California, with its principal place of business in Irvine, California and doing business within California and this District. Drapers' corporate headquarters are located at 9 Pasteur Ste. 200, Irvine California, 92618, and it is subject to general jurisdiction in this District. On information and belief, Drapers has sold garments that infringe JCR's copyright rights, as described below, in this District.

## Kohls

36. JCR is informed and believes and thereon alleges that Defendant Kohls is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Menomonee Falls, Wisconsin and doing business in California, including, on information and belief, through sales of infringing garments. Kohls' corporate headquarters are located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051.

37. On information and belief, like Amazon and J.C. Penney, and despite assurances from JBS that were misleading, Kohls continued to sell of inventory of infringing clothing after it was notified of the objection of JCR to such sales, and

without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause to a copyright holder in California.

Ross Stores

38. JCR is informed and believes and thereon alleges that Defendant Ross Stores is a corporation organized and existing under the laws of the State of California, with its principal place of business in Pleasanton, California and with sales of infringing garments in this District. Ross Stores' corporate headquarters are located at 4440 Rosewood Dr, Pleasanton, CA 94588.

39. On information and belief, like Amazon and J.C. Penney, and despite assurances from JBS that were misleading, Ross Stores continued to sell of inventory of infringing clothing after it was notified of the objection of JCR to such sales, and without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause.

Stein Mart

40. JCR is informed and believes and thereon alleges that Defendant Stein Mart is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Jacksonville, Florida and doing business in California, including, on information and belief, through sales of infringing garments. Stein Mart's corporate headquarters are located at 1200 Riverplace Blvd. Jacksonville, FL 32207 904-346-1500.

41. On information and belief, like Amazon and J.C. Penney, and despite assurances from JBS that were misleading, Stein Mart continued to sell of inventory of infringing clothing after it was notified of the objection of JCR to such sales, and without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause to a copyright holder in California.

Target

42. JCR is informed and believes and thereon alleges that Defendant Target is a corporation organized and existing under the laws of the State of Minnesota, with

its principal place of business located in Minneapolis, Minnesota and doing business in California, including, on information and belief, through sales of infringing garments. Target's corporate headquarters are located at 1000 Nicollet Mall Minneapolis, MN 55403.

43. On information and belief, like Amazon and J.C. Penney, and despite assurances from JBS that were misleading, Target continued to sell of inventory of infringing clothing after it was notified of the objection of JCR to such sales, and without regard for the damage that such continuing sales and offers for sale of JCR's proprietary design would cause to a copyright holder in California.

Does 1-10

44. JCR is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have distributed infringing fabric or garments or have otherwise infringed or contributed to infringement of JCR's copyright rights, including by selling designs offered by Fabtrends International and Fabtrends USA that these companies do not display on their website. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to JCR, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

## THE COPYRIGHTED DESIGNS

### JCR's "Ludiana" Design

45. JCR is the owner by agreement of the copyright in the original print design it has internally designated "Ludiana" ("the Ludiana Design"). A true and correct copy of the Ludiana Design is attached hereto as Exhibit 4.

46. The United States Copyright Office issued a Copyright Registration for the Ludiana Design. A true and correct copy of the Copyright Registration for this

work ("Fall 2014"), issued on July 28, 2014, with Registration Number VA 1-917-330, is attached hereto as Exhibit 5.

47. The United States Copyright Office issued a Supplemental Registration for the Ludiana Design on August 15, 2016 ("Ludiana") . A true and correct copy of the Supplemental Registration is attached hereto as Exhibit 6.

48. Before the acts complained of, JCR had widely disseminated fabric bearing the Ludiana Design to parties in the fashion and apparel industries. On information and belief, the Defendants named herein had access to the Ludiana Design before displaying, distributing, and selling the fabrics and garments identified as infringing herein.

**JCR's "Yanca" Design**

49. JCR is the owner by agreement of the copyright in the original print design it has internally designated "Yanca" ("the Yanca Design"). A true and correct copy of the Yanca Design is attached hereto as Exhibit 7.

50. The United States Copyright Office issued a Copyright Registration covering the Yanca Design. A true and correct copy of the Copyright Registration for this work, issued on April 18, 2013, with Registration Number VA1-869-595, is attached hereto as Exhibit 8 ("spring 2013 – new prints").

51. The United States Copyright Office issued a Supplemental Registration for the Yanca Design on July 17, 2015. A true and correct copy of the Supplemental Registration is attached hereto as Exhibit 9.

52. Before the acts complained of, JCR had widely disseminated fabric bearing the Yanca Design to parties in the fashion and apparel industries. On information and belief, at least Defendants Fabtrends, International, Inc. and Fabtrends, USA Corp. had access to the Yanca Design before the acts complained of here.

## DEFENDANTS' INFRINGEMENT

53. Defendant JBS is a garment manufacturer and was at one time one of JCR's fabric customers. JBS sells clothing under several brands, including MSK, a women's clothing brand. Before 2012, JBS and JCR had a relationship in which JCR would provide sample fabric to JBS and JBS would place orders of fabrics for the purposes of manufacturing garments for sale. On information and belief, JBS has a business relationship with Defendants Fabtrends, International, Inc. and Fabtrends, USA Corp. whereby these companies provide fabric designs, at least some of which are copied from other parties, to JBS.

54. In 2012, JCR discovered that JBS was selling infringing garments with a copy of one of its fabric designs sold by Fabtrends International, Inc. On August 29, 2012, JCR filed a lawsuit against JBS in this District for copyright infringement against JBS, Case No. CV12-7437. At least since the time of that lawsuit, JBS, Fabtrends International, Inc. and Fabtrends USA Corp. have been aware that JCR is a fabric company based in Los Angeles, California.

55. JCR is informed and believes and thereon alleges that Defendants Fabtrends International and Fabtrends USA Corp., have, since 2012, continued to make, offer for sale, and sell copies and derivative works based on JCR's fabrics and, on information and belief, sell them to garment manufacturers.

56. On information and belief, Fabtrends International and Fabtrends USA have offered to sell and sold fabrics using a close imitation of the Ludiana Design to JBS, and JBS has sold infringing garments using the designs to retailers with nationwide distribution knowing that some of these sales will occur in California, that JCR is the rightful owner of the rights to this design, and that the sales of the infringing fabrics will affect JCR in this District.

57. Defendants Fabtrends International and Fabtrends USA have made at least two copies of JCR's designs, one of the Ludiana Design and one of the Yanka Design.

Defendants' Copy of the Ludiana Design

58. On information and belief, a copy or derivative work based on the Ludiana Design sold as fabric by Defendants Fabtrends International and Fabtrends USA, and in garments by Defendant JBS and by Defendants Amazon.com, LLC, Belk Inc., Boscov's, LLC, Burlington Stores, Inc., Drapers & Damons, LLC, J.C. Penney Company, Inc., Kohls Department Stores, Ross Stores, Stein Mart, Inc., and Target Inc. (hereinafter "the Retailer Defendants") has a design substantially similar to the Ludiana Design, as shown in the photograph of one of the Amazon dresses using the design attached as Exhibit 10 hereto.

59. Shown below is comparison of the Ludiana Design with fabric sold by Fabtrends to JBS, and thereafter to each of the Retailer Defendants:

JCR's Copyrighted "Ludiana" Design



Fabric/Garments Sold by Defendants



60. The Ludiana Design and the design used in the fabrics and garments offered for sale and sold by Fabtrends International, Fabtrends USA, JBS, Amazon.com, Belk, Boscov's, Burlington, Drapers, J.C. Penney, Kohls, Ross Stores,

Stein Mart, and Target are substantially similar. The designs are similar not only in the overall appearance of the fabrics but also in many small details that show access to the Ludiana Design.

61. As just one example of these tell-tales signs of copying, at the top of the photographs, the designs use repeating rows of triangular cone-shaped objects, each with approximately 13 horizontal stripes passing through, with these stripes forming a peak at the center of each of these cones. As another example, at the bottom of each of the triangular cone-shaped objects is a smaller triangle that extends into the cone-shaped objects. As a further example of the detail that was copied from Ludiana, in both photographs, where the horizontal lines at the bottom of the large cone-shaped objects intersect with each other, they form a small "u" shape between the cones. Yet another example of similarity can be found at the bottom of both of the photographs above, where there is a row of small triangles of varying sizes.

62. Many other similarities between the photographs also are apparent, and demonstrate that the fabric design on the right was copied from the Ludiana Design belonging to Plaintiff JCR.

63. Defendants' unauthorized copying also is apparent from a comparison of a larger cross-section of fabric bearing the Ludiana Design (on the left), to which JCR also has copyright rights by agreement from a European design studio and under the Berne Convention, with a photographs (on the right) showing portions of one of the MSK garments sold by JBS to Amazon.com.







64. JCR is informed and believes and thereon alleges that Defendant Amazon.com, LLC, through its online retail operations, has offered to sell and sold garments using a close imitation of the Ludiana Design throughout the United States, including in California, both before and after receiving notice that JCR was a company located in this District and that it objected to infringement of the Ludiana Design because it was protected by copyright and that the infringing sales were damaging to JCR's business.

65. JCR is informed and believes and thereon alleges that Defendants Belk, Boscov's, Burlington, Drapers, J.C. Penney, Kohls, Ross Stores, Stein Mart, and Target, through at least online retail operations, have sold garments using an imitation of the Ludiana Design, including within California.

66. As described above, in 2016, JCR discovered that Defendant J.C. Penney was selling infringing clothing using an imitation of the Ludiana Design and, on July 7, 2016, Plaintiff sent J.C. Penney a letter as Exhibit 1 demanding that all infringing sales be discontinued. In response to the letter, on July 14, 2016, JBS represented through a telephonic message from one of its owners, Michael Mann, that it had

received the letter and that it is a small company that allegedly had only shipped 250 garments to JC Penney. In trying to minimize the number and extent of sales, including, on information and belief, ongoing sales, Mr. Mann's message did not acknowledge that JC Penney was only one many retailers to which JBS had sold the infringing garments. JBS is not a small company but has a large volume of sales to retailers across the United States, including to online retailers such as Amazon.com, discount retailers such as Ross Stores, and upscale retailers such as Macy's.

67. Subsequent to Mr. Mann's representations, in late July 2016, an attorney for JBS represented to counsel for JCR that all infringing sales using the Ludiana Design had discontinued, at all retailers. On information and belief, JBS informed its retailers of JCR's objection to the infringing sales by at least July 2016, as required by JCR's communications. However, contrary to the representation that infringing sales had discontinued, JCR's retailers on information and belief did not return or destroy their remaining infringing inventory but instead continued selling their remaining inventory, even after learning that JCR objected to the sales.

68. Despite JCR's objections, Amazon.com has continued to offer for sale and to sell a JBS dress with an imitation of the Ludiana Design. Exhibit 11 is a true and correct copy of a screenshot from Amazon.com showing ongoing offers to sell the infringing dress on April 6, 2017. An excerpt from this screenshot is also provided below, showing that Amazon.com continues to offer this dress for sale at $44.80.




69. On information and belief, after being notified as a result of JCR's letter to J.C. Penney that its sales were infringing, J.C. Penney also did not destroy or return its remaining inventory of clothing using the Ludiana Design. Instead, on information and belief, J.C. Penney stopped selling the infringing clothes online and instead started or continued selling the clothes at its retail stores until its infringing inventory was completely sold.

70. J.C. Penney originally sold a garment from JBS designated as "MSK Sleeveless Tank Maxi Dress – Petite" online for $60.00. On information and belief, JBS sold this dress in sizes other than a "Petite" size. On information and belief, J.C. Penney reduced the online price of this dress from the original $60.00 after several months, and it further reduced the price when it disposed of these dresses at its retail stores after it received notice of infringement from JCR.

71. On information and belief, the other Retailer Defendants who bought infringing garments from JBS were guided by JBS to follow a similar practice when

JBS informed them that JCR had objected to their infringing sales. Like Amazon and J.C. Penney, these Retailer Defendants, at least for a period of time sufficient to complete their sales, also continued to sell the infringing clothing in their inventory rather than destroy or return them to JBS, even after having notice that a company in Los Angeles had objected to these sales because it held the copyright in the design used to make these dresses. On information and belief, JBS had the right to require these Retailer Defendants to return the clothing to them as a condition of providing indemnification, but it chose not to exercise that right so that the retailers could complete their sales and it could avoid a loss.

Defendants' Copy of the Yanca Design

72. Defendants Fabtrends International and Fabtrends USA use the website located at www.fabtrends.ca to offer for sale and sell fabrics throughout the United States ("Fabtrends website"). That website provides a "Copyright Infringement Notice" that states: "All of our products on this site possess a copyright from the United States Library of Congress." The Copyright Infringement Notice is reproduced below:




73. Notwithstanding this copyright notice indicating that the companies' products are its own and protected by copyright, the products offered for sale and sold by Fabtrends International and Fabtrends USA in fact include at least two of JCR's

copyrighted designs. JCR needs the assistance of the Court to determine how many of its other designs have been copied by these companies.

74. In addition to the Ludiana Design that Fabtrends International and Fabtrends USA provided to JBS, these companies have also been offering for sale and, on information and belief, selling a copy or derivative work based on the Yanka Design, shown in the Fabtrends webpage attached as Exhibit 12.

75. A photograph of the Yanka Design appears below:



76. A photograph of the version of the Yanka Design that the Fabtrends website offers for sale is shown below, and is not only substantially similar but strikingly similar to the Yanka Design, because Fabtrends International and Fabtrends USA Defendants had access to the design and copied it:



77. Defendants' imitation of the Ludiana Design is not shown on the Fabtrends website but is, in fact, one of the products sold by Fabtrends International and Fabtrends USA. The Fabtrends website explains that the images shown on the website are "only a small sampling of our products." On information and belief, Fabtrends International and Fabtrends USA also have copied JCR designs other than Ludiana and Yanca and, along with the copies they have made of these two designs, offered them for sale and sold them to garment manufacturers who then sold clothing using them to infringing retailers in the United States, including in this District.

78. The infringing acts of the Defendants all occurred subsequent to the registration of the Yanca Design and the Ludiana Design.

**FIRST CLAIM FOR RELIEF**

**For Copyright Infringement of Ludiana Design**

**Against All Defendants**

79. JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

80. The fabrics reproduced, displayed on the Internet, and sold by Defendants Fabtrends International and Fabtrends USA that imitate the Ludiana Design and the garments sold by JBS, Amazon.com, Belk, Boscov's, Burlington,

Drapers, J.C. Penney, Kohls, Ross Stores, Stein Mart, and Target using these fabrics infringe on the copyright in the Ludiana Design owned by JCR. Such use of JCR's Ludiana Design violates JCR's exclusive rights to reproduce, prepare derivative works, and distribute copies under 17 U.S.C. § 106.

81. On information and belief, these sales have been willful, at least because they have been made either knowing that JCR owned the copyrights to these designs or with reckless disregard or willful blindness to the fact that the Fabtrends companies and JBS were selling fabric and garments without the authorization of the copyright holder. On information and belief, Defendants also were willful they continued to sell and display clothing, including at closeouts, after learning that JCR had objected to these sales.

82. Due to Defendants' acts of infringement, JCR has suffered substantial damages to its business in an amount to be established at trial. Due to Defendants' acts of infringement, JCR has suffered general and special damages in an amount to be established at trial.

83. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Ludiana Design. As such, JCR is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Ludiana Design in an amount to be established at trial.

84. Due to the foregoing actions, JCR is entitled to and seeks statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, JCR will make its election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

**For Copyright Infringement of Yanca Design**

**Against Fabtrends International and Fabtrends USA**

85. JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

86. Defendants Fabtrends International and Fabtrends USA display on their website, offer to sell, and, on information and belief, have sold, fabrics that are a copy, close imitation, or derivative work based on the Yanca Design, without permission from JCR, which has exclusive rights to the design. Fabtrends International and Fabtrends' USA's use JCR's Yanka Design violates JCR's exclusive rights to reproduce, prepare derivative works, and distribute copies under 17 U.S.C. § 106.

87. By reason of these Defendants', and each of their, acts of infringement as alleged above, JCR has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

88. Due to the acts of copyright infringement, Defendants Fabtrends International, Fabtrends USA, and JBS, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Yanca Design. As such, JCR is entitled to disgorgement of these Defendants' profits directly and indirectly attributable to these Defendants' infringement of the Yanca Design, in an amount to be established at trial.

89. JCR is informed and believes and thereon alleges that the acts of copyright infringement of Defendants, as alleged above were, and continue to be, willful, at a minimum, with reckless disregard for the rights of the rightful copyright owner, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement.

## THIRD CLAIM FOR RELIEF

**For Vicarious and/or Contributory Copyright Infringement –**

**Against Defendants Fabtrends International, Fabtrends USA, and JBS**

90. JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

91. JCR is informed and believes and thereon alleges that Defendants Fabtrends International, Fabtrends USA, and JBS knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments and fabrics featuring the Ludiana Design and Yanca Design as alleged hereinabove.

92. JCR is informed and believes and thereon alleges that Defendants Fabtrends International, Fabtrends USA, and JBS, and each of them, are vicariously and contributorily liable for the infringement alleged herein by their retailers because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

93. In addition, on information and belief, Defendants Fabtrends International, Fabtrends USA, and JBS knew that the print designs they were using were not designed by or owned by Fabtrends International or Fabtrends USA, but, in fact, were copied without authorization from a third party, but nevertheless agreed to cooperate with each other in distributing the design on garments sold throughout the United States.

94. In addition, on information and belief, the Retailer Defendants had the right to return infringing garments to JBS but, based on assurances given by JBS regarding indemnification for any infringement of the Ludiana Design, JBS and the Retailer Defendants decided, even after receiving written notice of infringement, that the Retailer Defendants would continue to sell the infringing garments and not return

them to JBS, as, on information and belief, they had a contractual right to do. Thus, JBS either intentionally induced or materially contributed to the infringement rather than permit the Retailer Defendants to return remaining infringing garments and credit the Retailer Defendants for these returns.

95. By reason of the Defendants' Fabtrends International, Fabtrends USA, and JBS, and each of their, acts of contributory infringement as alleged above, JCR has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

96. Due to the acts of copyright infringement of Defendants' Fabtrends International, Fabtrends USA, and JBS, as alleged herein, these Defendants and their retailers have obtained direct and indirect profits. As such, JCR is entitled to disgorgement of these profits in an amount to be established at trial.

97. JCR is also informed and believes and thereon alleges that Defendants Fabtrends International and Fabtrends USA knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments and fabrics featuring the Yanca Design as alleged hereinabove, by Doe Defendant wholesalers and retailers who directly infringed through sales of infringing fabrics and garments.

98. Due to the acts of copyright infringement of Defendants Fabtrends International and Fabtrends USA, as alleged herein, these Defendants and their retailers have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Yanca Design. As such, JCR is entitled to disgorgement of these profits in an amount to be established at trial.

99. JCR is informed and believes and thereon alleges that the acts of copyright infringement of Defendants, as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants to liability therefor, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty

thousand dollars ($150,000) per infringement. Within the time permitted by law, JCR will make its election between actual damages and statutory damages.

## FOURTH CLAIM FOR RELIEF

**Providing False Copyright Management Infringement Under 17 U.S. Code § 1202 - Against Fabtrends International and Fabtrends USA**

100. JCR repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

101. Section 1202(a) of the Copyright Act prohibits any person from knowingly and with the intent to induce, enable, facilitate or conceal infringement from either: (1) provid[ing] copyright management information that is false" or (2) distribut[ing] or import[ing] for distribution copyright management information that is false." Section 1202(c) defines "copyright management information" to include, among other things, "[t]he title and other information identifying the work, including the information set forth on a notice of copyright," "[t]he name of, and other identifying information about, the author of a work," and "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."

102. By falsely stating that the products and designs they publish on their website and throughout their showrooms is designed by their employees and subject to a copyright notice, and by misstating the titles of the works and other information identifying the works, Fabtrends International and Fabtrends USA provided copyright management information that is false. On information and belief, consistent with the misleading and false copyright notice on their website, Fabtrends International and Fabtrends USA have distributed other false copyright management information, including with samples of infringing fabric and with invoices that were provided to

potential customers and customers of infringing fabrics copied from or derived from JCR's copyrighted fabrics.

103. On information and belief, Fabtrends International and Fabtrends USA used their notice of copyright rights with the knowledge and intent to induce retailers to infringe, by creating the appearance that their products were protected by their own copyright rights. On information and belief, Fabtrends International and Fabtrends USA also did so in order to enable and facilitate garment manufacturers including JBS, and retailers, including customers and potential customers of JBS, to infringe, by creating the façade that JBS was buying designs from the rightful copyright owner, and so as to conceal their own infringement.

104. By providing such false copyright management information, Fabtrends International and Fabtrends USA caused actual damages to JCR. On information and belief, by falsely representing that they were the rightful copyright owners and authors, and by failing to identify the titles and other identifying information, Fabtrends International and Fabtrends USA induced Defendant JBS and the Retailer Defendants to purchase and sell fabrics that could otherwise have been purchased from JCR, the actual copyright owner.

105. On information and belief, Fabtrends International and Fabtrends USA also have derived profits based on their use of false copyright management information in that they attracted customers to their website and sold fabrics based on their claims that they were the rightful copyright owners of designs that were actually copied and derived from JCR's fabric designs.

## PRAYER FOR RELIEFs

Wherefore, Plaintiff JCR prays for judgment as follows:

### Against All Defendants

With Respect to Each Claim for Relief

a. That Defendants, their agents and servants be enjoined from selling product, or otherwise engaging in acts, infringing Plaintiff's copyrights in the Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 § 1203, and *et seq*.;

c. That Plaintiff be awarded its attorneys' fees and costs as available under the Copyright Act, 17 U.S.C. § 101 *et seq*., including § 1203, and any other basis deemed appropriate by the Court;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That the devices and products of Fabtrends International and Fabtrends USA that were involved in a violation of 17 U.S.C.§ 1202 be destroyed or impounded under 17 U.S.C.§ 1203;

f. That Defendants Fabtrends International, Fabtrends USA, and JBS be permanently enjoined from infringing on the copyrighted designs identified in this Complaint or in any amended complaint after Plaintiff has had an opportunity to take discovery regarding potential other infringements;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Dated: April 7, 2017

Respectfully submitted,

By: /s/ Ben M. Davidson

Ben M. Davidson
DAVIDSON LAW GROUP, ALC

Attorneys for Plaintiff JCR FABRIC

## REQUEST FOR JURY TRIAL

Plaintiff JCR requests a jury trial on any issue that is triable by right to a jury under the U.S. Constitution.

Dated: April 7, 2017

Respectfully submitted,

/s/ Ben M. Davidson
Ben M. Davidson
DAVIDSON LAW GROUP, ALC

Attorneys for Plaintiff JCR FABRICS